## Major Noble

*v.*

## Eben F. Runyan *et al.*

Guardian and ward—*ward's estate not liable for moneys borrowed by his guardian.* Where a guardian, being also agent for another and having moneys of his principal in his hands, applied to the latter for a loan of money on behalf of his ward, agreeing to execute a mortgage on the ward's estate, and procuring an order of court for that purpose, and it appeared that no money was in fact ever paid over to the guardian, who gave a note for the sum as guardian, but failed to execute a mortgage to secure the same, and the money was never expended upon the person of the ward or upon his estate, it was *held*, that the creditor could not, in equity, have a lien on the real estate of the ward for the payment of the note so given by the guardian.

Appeal from the Superior Court of Cook county; the Hon. Samuel M. Moore, Judge, presiding.

Mr. H. C. Irish, for the appellant.

Mr. F. W. Young, for the appellee Francis J. Young.

Mr. Justice Breese delivered the opinion of the Court:

This is an appeal from the Superior Court of Cook county, to reverse a decree rendered therein in a cause there pending, in which Major Noble was complainant and Eben T. Runyan and Francis J. Young were defendants. The scope of complainant's bill was to subject the estate of Young, who was a

minor under the age of twenty-one years, to a lien to the extent of ten thousand dollars, under the following circumstances: Runyan was Noble's man of business, residing in Chicago, loaning his money, receiving interest, and payments on loans effected for Noble, and was the guardian of Francis J. Young, who had inherited from his mother a small tract of land, containing two acres, situated in Chicago. Runyan was appointed guardian April 30, 1872, Francis being then about fourteen years of age. About September 24, of that year, it is alleged in the bill, Runyan applied to appellant for a loan of ten thousand dollars, to be expended in removing tax liens from the land of his ward, and erecting buildings thereon, to be secured by a mortgage on the land. Runyan was to obtain an order of the county court authorizing this action by him. Such an order was entered at that date, and Runyan delivered to appellant a note for the amount, signed E. F. Runyan, guardian of Francis J. Young. It does not clearly appear that any money was actually paid by Noble to Runyan, but it does appear that Runyan had in his hands money collected for Noble, nearly to the amount of ten thousand dollars. Runyan promised to execute a mortgage on his ward's land to secure this amount, but never did so—no mortgage was ever made. The ward had no knowledge of this transaction, and has never, in any manner, sanctioned it, nor has Runyan, during the whole term of his guardianship, expended more than one hundred and seventy-five dollars upon the person of his ward, and not a dollar upon the estate. The property yielded a small annual rent of fifty dollars, which Runyan appropriated.

We are unable to see, on a careful consideration of the facts of this case, any claim which appellant can rightfully set up to the aid of a court of equity in decreeing to him this so-called loan to Runyan, as guardian. In the absence of proof of the actual payment of this amount of money by Noble to Runyan, it seems to us that Runyan was greatly in arrears to appellant in paying over to him moneys he had collected, as agent and attorney, and, being in that predicament, the plan was suggested of creating a loan for the benefit of the ward,

and thus make the ward's estate pay Runyan's debt, and this is what is really asked of the court.

There is not a particle of equity or justice in the claim of appellant, and no court could lend its aid to the fruition of such an attempt.

The decree of the Superior Court was right. Appellant was competent to act for himself, and if he was so weak as to part with his money, if he actually did so, before the mortgage was executed, he can not be relieved. It would be monstrous to load the estate of this young man with this debt, in the benefit of which neither he nor his estate has participated.

The decree of the Superior Court is affirmed.

*Decree affirmed.*